## SAHL v. WRIGHT'S Executors.

A conveyance under seal in fee-simple, on ground-rent, containing a covenant to convey in fee on payment of a sum certain, is an executed contract, vesting a *legal* estate in the grantee; and a sheriff's sale of the land under a judgment for the arrears, to the owner of the rent and plaintiff in the judgment, does not affect his right to revive the judgment for the residue, unpaid by the execution.

IN error from the District Court of Allegheny county.

*Sept.* 24. This was a *sci. fa.* to revive a judgment, in which the question was, whether it had been extinguished by acts of the parties.

On the 1st April, 1832, Wright and wife, by deed, granted and demised on perpetual lease to Knepper, his heirs and assigns, yielding an annual rent of $204. There was a covenant to pay the rent, and clauses of re-entry and distress, and also a covenant to convey in fee, on payment of $3400; and to reduce the rents, on payment of a proportional part thereof. In 1839, Knepper and wife conveyed to Sahl, who, in 1844, confessed judgment to Wright, for the arrearages of ground-rent, and assented to a sale for less than two-thirds of the valuation. The land was then sold to Wright under a *fi. fa.* on this judgment; and the question was, whether this debarred Wright from prosecuting his *sci. fa.* to revive for the resi-

due of the judgment.    The court below gave judgment for the plaintiff.

*Alden* and *Dunlop*, for plaintiff in error.—The only question is whether the deed is an executed or an executory contract.    If so, it is within the rule established by this court.    It is similar, in all respects, to the instrument in Kenrick *v.* Smick; 7 Watts & Serg. 41 ; Day *v.* Lourie, 5 Watts, 412.

*Woods*, contrà.    A perfect estate at law was created by this deed; it being immaterial that a covenant to enlarge it, on condition, was contained in the deed.    If this be so, the sale by the plaintiff cannot operate to discharge the liability for the arrearages of rent, for which judgment has been confessed; Purviance *v.* Lemon, 16 Serg. & Rawle, 292 ; Chew *v.* Mathers, 1 Penna. Rep. 474 ; Neill *v.* Thompson, 4 Watts, 405 ; Spencer *v.* Harford, 4 Wend. 384; Wilson *v.* Stoxe, 10 Watts, 437.

*Sept.* 27.    COULTER, J., (after stating the case.)—The point discussed and relied on by the defendant is, that the deed to Knepper from Wright was an executory contract, and not a full compliance of the agreement between them respecting the sale.    In the deed there was a covenant that, upon the payment of $3400, by Knepper to Wright, he would relinquish the ground-rent, and make him an absolute deed for the premises ; all the other points were waived and abandoned.

But we are of opinion that the contract was fully· executed, so far as the right to demand the ground-rent was involved, and the obligation to pay it was concerned.    The instrument is called a deed, is executed by Wright and wife, and duly acknowledged, and conveys the premises to Knepper, his heirs and assigns, to have and to hold to him, his heirs and assigns, for and during the existence of this world, and contains a clause of general warranty, reserving the ground-rent, &c.    So that the estate and interest of Wright and wife was fully exhausted, except the reservation of the ground-rent.    The instrument bears on its face the distinct and unequivocal marks of an executed contract ; so far as the ground-rent, or the right of payment of it was implicated, no argument is necessary to illustrate it, and no authority requisite to give it character.

In relation to the clause which stipulated that if Knepper would pay $3400 to Wright, he would extinguish the ground-rent, it can have no bearing on this case ; that depended upon what was to result from the volition of Knepper himself, which he never chose to exercise.                                    Judgment affirmed.